MAGISTRATE JUDGE'S CRIMINAL MINUTES
ARRAIGNMENT
PLEA AND SENTENCE

United States District Court ★ Northern District of Georgia ★

| | | | | | |
|---|---|---|---|---|---|
| | Time in Court: | | Hrs. | 15 | Mins. |
| Filed in Open Court | Date: | 11/4/26 | Time: | 1:00pm | Tape: FTR |

Magistrate Judge (presiding): Russell G. Vineyard Deputy Clerk: Amanda Zarkowsky

| | | | |
|---|---|---|---|
| CASE NO. | 1:26CR508 | Defendant's Name: | Jordan Hadley |
| AUSA: | Daniel Grill | Defendant's Attorney: | Caitlyn Wade |
| USPO | | Type of Counsel: FDP | |

| | | | |
|---|---|---|---|
| | INTERPRETER: | | |
| | INITIAL APPEARANCE HEARING: ( X ) In This District | | Dft in custody? ( ) Yes ( ) No |
| | Due Process Protection Act Warning Given to Government's Counsel. Order on page 2. | | |
| | Defendant advised of right to counsel. ( ) WAIVER OF COUNSEL FILED. | | |
| | ORDER appointing Federal Defender Program as counsel. ( ) INITIAL APPEARANCE ONLY | | |
| | ORDER appointing | | as counsel. |
| | ORDER giving defendant | | days to employ counsel. |
| | Dft to pay attorney fees as follows: | | |
| ✓ | INFORMATION/INDICTMENT FILED | | (✓) WAIVER OF INDICTMENT FILED |
| ✓ | Copy information/indictment give to dft ( X ) Yes ( ) No | | Read to dft? ( ) Yes (✓) no |
| | CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE (Misd/Petty) offense filed. | | |
| ✓ | ARRAIGNMENT HELD ( ) Superseding Indictment | | ( ) Dft's WAIVER of appearance filed. |
| | Arraignment continued to | @ | Request of ( ) Govt ( ) Dft |
| | Dft failed to appear arraignment | Bench Warrant Issued: | |
| ✓ | Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of Not Guilty entered. ( ) Waiver of appearance | | |
| | PLEA OF GUILTY/NOLO as to counts: | | |
| ✓ | ASSIGNED to District Judge | Judge VMC | ( ) trial (✓) arraignment/sentence |
| | ASSIGNED to Magistrate Judge | Judge | for pretrial proceedings. |
| | Estimated trial time: | | SHORT MEDIUM LONG |

EGPL

X - consented to proceed by video teleconference.

**ARRAIGNMENT – Pg. 2** **CASE NO.**

| | | |
|---|---|---|
| | CONSENT TO PRE-SENTENTCE INVESTIGATION filed. Referred to USPO for PSI and continued | |
| | until at | for sentencing. |
| | Government's MOTION FOR DETENTION filed. Hearing set | for |
| | Temporary commitment issued. Defendant remanded to custody of U.S. Marshals Service | |

**BOND/PRETRIAL DETENTION HEARINGS**

| | | | |
|---|---|---|---|
| | PRETRIAL DETENTION HEARING HELD. _____ The Defendant does not contest detention at this time. | | |
| | BOND HEARING HELD. | | |
| | GOVERNMENT'S MOTION FOR DETENTION ( ) GRANTED ( ) DENIED ( ) WITHDRAWN | | |
| | WRITTEN ORDER TO FOLLOW. | | |
| | HEARING HELD on motion for reduction / modification of bond. | | |
| | MOTION FOR REDUCTION OF BOND / MODIFICATION OF BOND ( ) GRANTED ( ) DENIED | | |
| | WRITTEN ORDER TO FOLLOW. | | |
| | BOND SET AT | | |
| | NON-SURETY | | |
| | SURETY ( ) Cash | ( ) Property | ( ) Corporate Surety |
| | SPECIAL CONDITIONS: | | |
| | BOND FILED; DEFENDANT RELEASE. | | |
| | BOND NOT EXCUTED. DEFENDANT TO REMAIN IN MARSHALS' CUSTODY. | | |
| | **Defendant to remain on pretrial release under the terms and conditions set forth in the U.S. District Court for the District of ______________________________.** | | |
| | WITNESSES: | | |
| | EXHIBITS: | | |

**ORDER**

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.